# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHINO ASSOCIATES, L.P.,** : | **CIVIL ACTION NO. 1:04-CV-1611** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **BERG MANUFACTURING AND** : | |
| **SALES CORPORATION,** : | |
| **Defendants** : | |

## MEMORANDUM

The attorneys for defendant, Berg Manufacturing and Sales Corporation ("Berg Manufacturing"), ask for leave to withdraw as counsel of record in this patent infringement case. They assert that their client recently transferred all of its assets to a third party, rendering it unable to fulfill financial obligations owed to them, and that the president of Berg Manufacturing has "no objection to the withdrawal of counsel in view of the present circumstances." While these grounds may justify counsel's request,[1] it is prudent to ensure first that all parties are proceeding with their (proverbial) eyes wide open.

---

[1] See PA. RULES PROF'L CONDUCT R. 1.16(b)(1), (5)-(7) (permitting a lawyer to terminate representation if it would not have a "material adverse effect on the interests of the client," if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services," if "the representation will result in an unreasonable financial burden on the lawyer," or if "other good cause for withdrawal exists"); see also L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct); cf. Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540-41 (7th Cir. 2002) (finding that attorney was entitled to withdraw where continued representation would represent severe financial burden).

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203 (1993) (citing 28 U.S.C. § 1654).  Withdrawal of its counsel would leave Berg Manufacturing unrepresented and unable to defend against the claims raised by plaintiff.  The result would almost invariably be the entry of default judgment. See, e.g., Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991); see also Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam), cited with approval in Rowland, 506 U.S. at 203.

This may be of no moment to Berg Manufacturing, which is characterized as "judgment proof."  But the consequences of withdrawal should be made clear.  The court will direct counsel for defendant to discuss the motion for leave to withdraw and this memorandum with their client.  If, after consultation, the corporation still concurs in its attorneys' request to terminate their representation in this case, the motion will be granted.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:    June 24, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RHINO ASSOCIATES, L.P.,** | : | **CIVIL ACTION NO. 1:04-CV-1611** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **BERG MANUFACTURING AND SALES CORPORATION,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 24th day of June, 2005, upon consideration of motion of counsel for defendant for leave to withdraw (Doc. 25), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Counsel for defendant shall forward a copy of the motion for leave to withdraw (Doc. 25) and a copy of this order and accompanying memorandum to their client and shall confer with their client regarding the client's right to object to the motion and the ramifications of withdrawal.

2. Counsel for defendant shall file, on or before July 11, 2005, a notice of concurrence or nonconcurrence of their client in the motion for leave to withdraw (Doc. 25).

3. Except as set forth in this order, proceedings in the above-captioned case are STAYED pending final disposition of the motion for leave to withdraw (Doc. 25).

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge