**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RHINO ASSOCIATES, L.P.,** | : | **CIVIL ACTION NO. 1:04-CV-1611** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **BERG MANUFACTURING AND SALES CORPORATION,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 15th day of July, 2005, upon consideration of plaintiff's motion for a preliminary injunction (Doc. 42), see FED. R. CIV. P. 65; see also 35 U.S.C. § 283, and following a hearing on July 14, 2005,[1] and it appearing that products manufactured and sold by defendant identified as "Berg Product 23404" and "Berg Product 23405," also known as "Autoramp Poly Plus," likely infringe upon the claims of a valid patent held by plaintiff,[2] see Dentsply Int'l, Inc. v. Great

---

[1] Counsel for defendant, with approval of their client and leave of court, withdrew from representation in this case on July 12, 2005 (Doc. 46), and defendant was not represented at the hearing on the motion for preliminary injunction (Doc. 37).  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

[2] This conclusion is based on the court's review of the claims of the patent, see U.S. Patent No. 34,889 (reissued Apr. 4, 1995), and the materials submitted in support of plaintiff's motions for injunctive relief (Docs. 40-43) and for summary judgment (Docs. 25-34), which establish—at least to a reasonable probability—the validity of the patent and the fact of literal infringement by defendant's products. See, e.g., Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 290 F. Supp. 2d 508, 520-21, 528 (M.D. Pa. 2003); see also Dentsply Int'l, Inc. v. Great White, Inc., 132 F. Supp. 2d 310, 314-19 (M.D. Pa. 2000).

White, Inc., 132 F. Supp. 2d 310, 313-19 (M.D. Pa. 2000) (identifying first factor for injunctive relief as "likelihood of movant's success on the merits") (quoting Mentor Graphics Corp. v. Quickturn Design Sys., 150 F.3d 1374, 1377 (Fed. Cir. 1998)); see also BP Chems., Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 263-64 (3d Cir. 2000), that the continuing manufacture and sale of the infringing products present a serious and immediate risk to plaintiff of loss of good will in its customer base and of cascading and undefinable loss of revenues due to re-sales of the infringing products, see id. at 313, 319 (identifying second factor for injunctive relief as "the irreparability of harm to the movant without an injunction") (quoting Mentor, 150 F.3d at 1377); see also Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1555-56 (Fed. Cir. 1994); Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989); 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2948.1 (3d ed. 1998), that defendant will not be harmed by issuance of an injunction precluding it from further manufacture or sale of the infringing products, see Dentsply, 132 F. Supp. 2d at 320 (identifying third factor for injunctive relief as "the balance of hardships between the parties") (quoting Mentor, 150 F.3d at 1377); see also Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 596-97 (3d Cir. 2002), and that third parties who have received or purchased assets of defendant will not be affected or harmed by the injunction, see Dentsply, 132 F. Supp. 2d at 320 (identifying final factor for injunctive relief as "the demands of the public interest") (quoting Mentor, 150 F.3d at 1377); see also Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 883-84 (3d Cir. 1997); 11A WRIGHT ET AL., supra, § 2948.4, and

it further appearing that counsel for defendant previously agreed that the requirement of security by the applicant for temporary injunctive relief should be waived in this case, see FED. R. CIV. P. 65(c); see also Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 103 (3d Cir. 1988), it is hereby ORDERED that the motion for a preliminary injunction (Doc. 42) is GRANTED as follows:

1. Defendant, its officers, its agents, its servants, its employees, its attorneys, and those persons in active concert or participation with defendant who receive actual notice of this order by personal service or otherwise are ENJOINED:

    a. From making, using, offering to sell, or selling within the United States or importing into the United States the products identified as "Berg Product 23404" and "Berg Product 23405," also known as "Autoramp Poly Plus"; and

    b. From actively inducing others to make, use, offer to sell, or sell within the United States or to import into the United States the products identified as "Berg Product 23404" and "Berg Product 23405," also known as "Autoramp Poly Plus."

2. The preliminary injunction issued herein shall continue in effect pending further order of court.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge