IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHINO ASSOCIATES, L.P.,** | : | CIVIL ACTION NO. 1:04-CV-1611 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **BERG MANUFACTURING AND SALES CORPORATION**, | : | |
| Defendant | : | |

## **MEMORANDUM**

Presently before the court is defendant's motion (Doc. 66) to dissolve the preliminary injunction issued in this infringement case. Defendant contends that changed circumstances and severe hardship necessitate the dissolution of the injunction. The court disagrees and will deny defendant's motion, but will require plaintiff to post a bond pursuant to Federal Rule of Civil Procedure 65(c).

On June 30, 2005, plaintiff filed motions for a temporary restraining order (Doc. 40) and a preliminary injunction (Doc. 42). The following day, the court conducted a hearing on plaintiff's motion for a temporary restraining order, via telephone, at which both parties were represented. (See Doc. 39.) On July 1, 2005, the court granted plaintiff's motion for a temporary restraining order and enjoined defendant from, *inter alia*, making, using, offering to sell, or selling the alleged infringing product.[1] (See Doc. 44 ¶ 1.) The court also scheduled a hearing, via

---

[1] At the June 30 hearing, defendant agreed to waive the requirement of security by plaintiff. See FED. R. CIV. P. 65(c).

telephone, on plaintiff's motion for a preliminary injunction for July 14, 2005.  (See Doc. 44 ¶ 3.)

On July 12, 2005, the court granted defendant's former counsel's request to withdraw after counsel had discussed the ramifications of withdrawal with defendant and defendant concurred in the withdrawal.  (See Doc. 46; see also Docs. 35, 45.)  Despite a reminder by counsel for plaintiff (see Doc. 68 at 2-3), defendant was not represented at the July 14, 2005 hearing on the motion for a preliminary injunction.  On July 15, 2005, the court granted the motion.  (See Doc. 48.)

On September 13, 2005, defendant filed the instant motion (Doc. 66) to dissolve the preliminary injunction.  A hearing was conducted on December 19, 2005 (see Doc. 84), and the motion is now ripe for disposition.

The relevant inquiry for addressing a motion to dissolve a preliminary injunction is "whether the movant has made a showing that changed circumstances warrant the discontinuation of the order" or whether "failure to dissolve the injunction would occasion severe hardship upon the parties."  Sprint Commc'n Co. L.P. v. Cat Commc'n Int'l, Inc., 335 F.3d 235, 242 (3d Cir. 2003); Kocher Coal Co. v. Marshall, 505 F. Supp. 156, 157-58 (E.D. Pa. 1981).  The requirement of changed circumstances precludes the enjoined party from constantly challenging the preliminary injunction.  See Sprint Commc'n Co., 335 F.3d at 242.

In the matter *sub judice*, the courts finds that neither changed circumstances nor severe hardship warrants the dissolution of the injunction.  Defendant

contends, without citation to any legal authority, that there are changed circumstances because it was not represented by counsel at the hearing and now it has new counsel.[2] The court is unpersuaded. Defendant was aware of the preliminary injunction hearing, yet concurred in the withdrawal of its counsel (see Docs. 44, 45) and did not enter the appearance of new counsel or seek to reschedule the hearing. Any prejudice to defendant was self-inflicted and defendant cannot now be permitted to claim changed circumstances when it consented to the situation.

Defendant also contends that severe hardship warrants dissolution of the preliminary injunction. Defendant's assertion that the balance of hardships weighs in its favor, however, is unconvincing. Defendant is apparently judgment-proof,[3] leaving plaintiff without an adequate legal remedy. Any harm to defendant is outweighed by the irreparable harm faced by plaintiff—as the court previously determined, the "serious and immediate risk to plaintiff of loss of good will in its

---

[2] Defendant also argues, erroneously, that the court must first construe the patent claims before issuing a preliminary injunction. See Sofamor Danek Group, Inc. v. DePuy-Motech, Inc., 74 F.3d 1216, 1221 (Fed. Cir. 1996) ("[T]he trial court has no obligation to interpret [claims] conclusively and finally during a preliminary injunction proceeding."); Boehringer Ingelheim Animal Health, Inc. v. Schering-Plough Corp., 984 F. Supp. 239, 245 (D.N.J. 1997) ("In a preliminary injunction context, a court *may*, in exercising its discretion, decide to interpret the claim conclusively." (emphasis added) (citing Sofamor Danek Group, 74 F.3d at 1221)).

[3] Defendant assigned its assets for the benefit of its creditors and these assets were subsequently sold to Cencor Plastics, Inc. In its brief in reply, defendant argues that the preliminary injunction hampers the assignee's ability to sell defendant's assets. (See Doc. 71 at 11.) This argument is moot as the assets have since been sold.

customer base and of cascading and undefinable loss of revenues due to re-sales of the [alleged] infringing products." (See Doc. 48 at 2.)

Because defendant has not demonstrated changed circumstances or severe hardship, the court will deny its motion to dissolve the preliminary injunction. However, because defendant no longer waives the security requirement, the court will require plaintiff to post a bond or appropriate security in the amount of $75,000.00. See FED. R. CIV. P. 65(c).

An appropriate order will issue.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:         January 13, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHINO ASSOCIATES, L.P.,** | : | **CIVIL ACTION NO. 1:04-CV-1611** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **BERG MANUFACTURING AND SALES CORPORATION,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 13th day of January, 2006, upon consideration of defendant's motion to dissolve the preliminary injunction (Doc. 66), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion to dissolve the preliminary injunction (Doc. 66) is DENIED.

2. The preliminary injunction remains in full force and effect, conditioned upon the posting of a bond or appropriate security in the amount of $75,000.00 with the Clerk of Court on or before January 24, 2006. See FED. R. CIV. P. 65(c).

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge