**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RHINO ASSOCIATES, L.P.,** | : | **CIVIL ACTION NO. 1:04-CV-1611** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **BERG MANUFACTURING AND** | : | |
| **SALES CORPORATION and** | : | |
| **CENCOR PLASTICS, INC.,** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is the motion (Doc. 156) of plaintiff Rhino

Associates, L.P. ("Rhino") for default judgment against defendant Cencor Plastics,

Inc. ("Cencor").[1] For the reasons that follow, the motion will be granted.

**I.   <u>Background</u>**

Rhino commenced the instant action on July 22, 2004 alleging willful patent

infringement against defendant Berg Manufacturing and Sales Corporation

("Berg").  (<u>See</u> Doc. 1.)  Berg answered the complaint on August 25, 2004 and filed a

counterclaim against Rhino asserting that the patent at issue (patent no. Re. 34,889,

hereinafter "the '889 patent") was invalid and unenforceable.  (Doc. 7.)

On October 24, 2005, Cencor purchased all right, title, and interest in the

assets of Berg.  (Doc. 102 ¶ 22; Doc. 105 ¶ 22.)  In May 2006, Rhino, Berg, and Cencor

---

[1] The memorandum and order of court dated November 14, 2007 (Doc. 152)
granted Rhino's request to enter default judgment against defendant Berg
Manufacturing and Sales Corporation.

agreed to a stipulated order permitting Rhino to amend the complaint to add

Cencor as a defendant.  (<u>See</u> Doc. 101.)   Cencor informed the court that it would

not seek to add or supplement the information regarding the outstanding motions

for summary judgment, including claim construction,[2] and that it, if necessary, it

would file its own motion for summary judgment.[3]  (<u>See</u> Doc. 101 ¶ 8.)

Following a hearing on claim construction, the court construed the disputed

claim terms and denied the motions for summary judgment of infringement and

willfulness.[4]  (<u>See</u> Doc. 127.)  On March 30, 2007, counsel for Cencor moved to

withdraw (Doc. 128), contending that counsel had attempted to contact Cencor

without success for over six months, that counsel was unable to locate a working

telephone number, address, or email address for Cencor's president, and that

Cencor failed to pay its legal bills.  The court directed Cencor to show cause why

the motion to withdraw should not be granted.  (<u>See</u> Doc. 131.)  Cencor did not

respond to the court's directive and the order of court dated May 1, 2007 (Doc. 134)

granted counsel's motions to withdraw.

---

[2] Rhino filed three motions (Docs. 26, 27, 28) seeking judgment in its favor on its claims of patent infringement and willful infringement against Berg and its claim of patent validity and enforceability.  The motion for summary judgment of infringement (Doc. 28) also sought construction of numerous claim terms. (<u>See</u> Doc. 31 at 8-13.)

[3] Cencor never filed a motion for summary judgment.

[4] The court granted in part Rhino's motion for summary judgment of validity and enforceability.  (<u>See</u> Doc. 127 at 20-26, 29-30.)

On May 11, 2007, Rhino filed its initial motion for default judgment

(Doc. 136).[5]  The order of court dated May 14, 2007 (Doc. 137) directed Cencor to

secure the appearance of counsel and show cause why default judgment should not

be entered against it by May 25, 2007.  Rhino subsequently filed the instant motion

for default judgment (Doc. 156) and supporting documents (Doc. 159), requesting a

permanent injunction, damages of $74,860.00, and modification of the protective

order.[6]  The order of court dated December 11, 2007 (Doc. 161) permitted Cencor to

respond to Rhino's requested damages.  As of the date of this memorandum, Cencor

has not secured representation, shown cause why default judgment should not be

entered against it, responded to Rhino's requested damages, or otherwise

communicated with the court.

---

[5] Cencor filed for bankruptcy on February 7, 2007 in the United States
District Court for the Northern District of Illinois, but did not list the instant action
on its bankruptcy petition or Rhino on its bankruptcy schedules as a creditor.
Rhino only learned of this bankruptcy filing on June 4, 2007 from Cencor's
bankruptcy counsel.  On June 11, 2007, Rhino filed a suggestion of bankruptcy in
the instant matter.  (Doc. 139.)  On July 26, 2007, the United States Bankruptcy
Court for the Northern District of Illinois granted Rhino's motion for relief from the
automatic stay.  (Doc. 159, Ex. 1.)

[6] The memorandum and order of court dated November 14, 2007 (Doc. 152)
granted Rhino's request for default judgment against Berg and denied the initial
motion for default judgment (Doc. 136) as moot without prejudice to Rhino's right to
file a motion for default judgment against Cencor.

## II.   __Discussion__

An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must precede an entry of default judgment under Rule 55(b)(2).  See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006).  An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a).[7]

In the matter *sub judice*, the court finds that the entry of default against Cencor is warranted.  As a corporation, Cencor must be represented in court by counsel.  See Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) (holding that "a corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court"), cited with approval in Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203 (1993).  The order of court dated May 1, 2007 (Doc. 134) granted the motion

---

[7] See Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 n.1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well."); see also Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917-19 (3d Cir. 1992).

4

to withdraw by counsel for Cencor.[8]  To date, Cencor has not secured

representation or otherwise communicated with the court despite the order of court

dated May 14, 2007 (Doc. 137) which directed Cencor to secure the appearance of

counsel and show cause why default judgment should not be entered against it and

the order of court dated December 11, 2007 (Doc. 161) which permitted Cencor to

respond to Rhino's claims for damages.  Although Cencor filed an answer in this

action (see Doc. 105), the entry of default against Cencor is nonetheless appropriate

for Cencor's failure to "otherwise defend" itself.  See FED. R. CIV. P. 55(a); see also

Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 918 (3d Cir. 1992) ("The failure

to plead is no greater an impediment to the orderly progress of a case than is the

failure to appear at trial or meet other required time schedules, and we see no

reason why the former would be subject to a sanction [under Rule 55] not equally

applicable to the latter.."); id. at 918-19 ("[T]he district court in this case could have

imposed a default judgment against the defendants for failure to comply with its

---

[8] When counsel for a corporation seeks to withdraw, a district court must
consider the "ordinary rules of withdrawal" and determine whether the attorney's
continued representation of the corporate client serves a "meaningful purpose."
Buschmeier v. G&G Invs., Inc., 222 F. App'x 160, 164 (3d Cir. 2007).  The court
permitted counsel to withdraw because Cencor failed to communicate with counsel
or pay its legal bills and counsel's continued representation served "no meaningful
purpose."  Id.  The ordinary rules of withdrawal favored withdrawal based on
Cencor's failure to pay and the subsequent financial burden on counsel.  See PA.
RULES PROF'L CONDUCT R. 1.16(b)(5)-(6); see also L.R. 83.23.2 (adopting
Pennsylvania Rules of Professional Conduct).  Moreover, the risk of prejudice to
Cencor was minimal because Cencor's continued refusal to communicate with
counsel or the court evinced its unwillingness to defend itself in these proceedings.

own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests.").

Having concluded that default against Cencor is warranted, the court turns to the issue of default judgment.  See FED. R. CIV. P. 55(b)(2).  In accordance with the notice requirement of Rule 55(b)(2), the order of court dated May 14, 2007 (Doc. 137) directed Rhino to serve a copy of the motion for default judgment on Cencor.  See FED. R. CIV. P. 55(b)(2) ("If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."). The following day, Rhino served Cencor with its motion for default judgment, its proposed order, and the order of court which directed Cencor to secure the appearance of counsel and show cause why default judgment should not be entered against it.  (See Doc. 138.)  In an abundance of caution, the court again permitted Cencor to respond to Rhino's requested damages.  (See Doc. 161.)  Given the evidence on damages submitted by Rhino (see Doc 159; see also Doc. 145, Exs. 2-3; Doc. 150), which remains unopposed by Cencor, the court finds that a hearing on damages is not required.  See 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 2007) ("Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment, and thus several courts have determined that a hearing is not required before entering a

6

default.").  Therefore, the court will address Rhino's request for injunctive relief,

damages, and modification of the protective order.

###    A.    **Injunctive Relief**

Section 283 of the Patent Act provides that the court "may grant injunctions

in accordance with the principles of equity to prevent the violation of any right

secured by patent."  35 U.S.C. § 283.  Without a trial on the merits, Rhino has not

proved that the ramps infringe the '889 patent.  However, "a consequence of the

entry of default judgment is that 'the factual allegations of the complaint, except

those relating to the amount of damages, will be taken as true.'"  <u>Whelan v. A. Ward</u>

<u>Enters., Inc.</u>, No. 01-2874, 2002 WL 1745614, at *2 (E.D. Pa. July 23, 2002) (quoting

<u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990)).  Therefore, the

allegation of infringement is taken as true for the purpose of the instant motion only

and the court will issue a permanent injunction.  <u>See</u> <u>id.</u>

###    B.    **Damages**

Section 284 of the Patent Act provides:  "Upon finding for the claimant the

court shall award the claimant damages adequate to compensate for the

infringement, but in no event less than a reasonable royalty for the use made of the

invention by the infringer."  35 U.S.C. § 284.  In the matter *sub judice*, the

undisputed evidence of record reveals that Cencor sold at least 14,972 sets of

infringing ramps from November 16, 2005 through April 10, 2006.  (Doc. 159, Ex. 2.)

Rhino seeks a reasonable royalty of $5.00 per set of infringing ramps sold by

Cencor.

A reasonable royalty is the amount "a prudent licensee . . . would have been willing to pay . . . and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license." <u>Sightsound.com, Inc. v. N2K, Inc.</u>, 391 F. Supp. 2d 321, 355 (W.D. Pa. 2003) (citation omitted); <u>see also id.</u> at 355 n.30 (setting forth other factors to consider in determining a reasonable royalty).  The court finds that $5.00 is a reasonable royalty.[9]  Rhino entered into an exclusive license agreement with Blitz, Inc. ("Blitz") regarding the '889 patent.  (Doc. 159, Ex. 3 ¶ 4.)  Blitz sold the ramps to customers for $20.00 per set and instructed Rhino that it would require a $5.00 royalty to waive its exclusive rights.  (<u>Id.</u> ¶¶ 9, 12.)  During the relevant time period, Cencor sold the infringing ramps at more than $5.00 below Blitz's $20.00 price.  (Doc. 159, Exs. 2, 3.)  In other words, Cencor could have passed a $5.00 royalty on to its customers and still been able to undersell Blitz.  Therefore, the court finds that $5.00 per set is a reasonable royalty in the instant matter.  With 14,972 infringing ramps sold, this royalty amounts to $74,860.00 in damages and the court will grant the instant motion with respect to these damages.

### C.   Modification of Protective Order

Rhino also seeks a modification of the protective order dated September 23, 2004 (Doc. 12) to allow Rhino to use confidential information obtained during the instant action in any subsequent action involving the '889 patent.  (<u>See</u> Doc. 159 at

---

[9] The court also found $5.00 to be a reasonable royalty with respect to Rhino's request for default judgment against Berg.  (<u>See</u> Doc. 152 at 7-8.)

14-15.)  Cencor does not dispute Rhino's contention that Cencor is out of business or

that Rhino will be unable to retrieve information from Cencor in the future.

Therefore, the court will modify the protective order to allow Rhino to use

confidential information obtained from Cencor during the instant action in any

subsequent action involving the '889 patent <u>and</u> the ramps at issue in the instant

action.[10]

**III.   <u>Conclusion</u>**

For the foregoing reasons, the motion for default judgment against Cencor

will be granted.  An appropriate order will issue.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        January 11, 2008

---

[10] The court similarly modified this protective order with respect to Berg by
the memorandum and order dated November 14, 2007 (Doc. 152).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RHINO ASSOCIATES, L.P.,** | : | **CIVIL ACTION NO. 1:04-CV-1611** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **BERG MANUFACTURING AND** | : | |
| **SALES CORPORATION and** | : | |
| **CENCOR PLASTICS, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of January, 2008, upon consideration of plaintiff's

motions (Doc. 156) for default judgment against defendant Cencor Plastics, Inc., and

for the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that the motion for default judgment (Doc. 156) is GRANTED as follows:

1.   The Clerk of Court is directed to enter DEFAULT against defendant
     Cencor Plastics, Inc.  See Fed. R. Civ. P. 55(a).

2.   The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff
     and against defendant Cencor Plastics, Inc. in the amount of
     $74,860.00.

3.   Defendant Cencor Plastics, Inc., its officers, its agents, its servants, its
     employees, its attorneys, and those persons in active concert or
     participation with defendant who receive actual notice of this order
     and judgment by personal service or otherwise are permanently
     ENJOINED from:

     a.   Making, using, offering to sell, or selling within the United
          States or importing into the United States the products
          identified as "Berg Product 23404" and "Berg Product 23405,"
          also known as "Autoramp Poly Plus"; and

      b.     Actively inducing others to make, use, offer to sell, or sell within the United States or to import into the United States the products identified as "Berg Product 23404" and "Berg Product 23405," also known as "Autoramp Poly Plus."

4.     The protective order dated September 23, 2004 (Doc. 12) is MODIFIED to allow plaintiff to use confidential information obtained from defendant Cencor Plastics, Inc. during the instant action in any subsequent action involving the '889 patent <u>and</u> the ramps at issue in the instant action.

5.     The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge